RECEIVED
IN LAKE CHARLES, LA
JUN - 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAKE CHARLES CANE LACASSINE MILL, LLC | : | DOCKET NO. 07-CV-667 |
| VS. | : | JUDGE MINALDI |
| SMAR INTERNATIONAL CORP., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Rule 12(b)(5) filed by defendant SMAR Equipamentos Industriais Ltda. ("Equipamentos") [doc. 9]. The motion is opposed by the plaintiff, Lake Charles Cane Lacassine Mill, LLC ("Lake Charles Cane").

## BACKGROUND

On March 1, 2007, Lake Charles Cane field suit against SMAR International Corp., SMAR Research Corp., and Equipamentos in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana.[1] Lake Charles Cane served Equipamentos, an entity organized under the laws of Brazil and with its office and principal place of business there, via the Louisiana Long Arm Statute, La. R.S. 13:3201, *et seq.* at its office in Brazil.[2] On April 12, 2007, Equipamentos and other defendants removed the case to federal court.

The matter is now before the court on the instant motion, by which Equipamentos seeks

---

[1] *See* Pet., attached to Notice of Removal [doc. 1].

[2] *See id.* at 8.

dismissal for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Equipamentos asserts that the Louisiana Long Arm Statute is not the proper means of serving a Brazilian defendant. Specifically, it argues that service should have been made via letters rogatory pursuant to the Inter-American Convention on Letters Rogatory ("the Convention").

## RULE 12(b)(5) STANDARD

Rule 12(b)(5) authorizes the court to dismiss a civil action when service of process is inadequate. *See Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 510 (E.D. La. 1985). Whether to dismiss an action or quash and allow for service to be re-attempted is within the broad discretion of the district court. *See George v. U.S. Dept. of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). "As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

## ANALYSIS

The instant motion presents the very same question asked of the Fifth Circuit in *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994)– does the Inter-American Convention on Letters Rogatory preempt other methods of effecting service?

In *Kreimerman*, the plaintiffs sued the defendants in Texas state court and served process on them in Mexico City by direct mail pursuant to the Texas Long-Arm Statute. *Id.* at 636. The action was subsequently removed to federal court, where the defendants moved to dismiss for lack of jurisdiction and improper service. *Id.* The court granted the motion to quash service on the grounds that the Convention established the exclusive means of serving process on defendants residing in a signatory state. *Id.* at 637. After the plaintiffs then made two unsuccessful attempts to effect service

by letters rogatory, the district court dismissed the case without prejudice. *Id.*

On appeal, the Fifth Circuit reversed, holding that "nothing in the language of the Convention expressly reflects an intention to supplant all alternative methods of service. Rather, the Convention appears solely to govern the delivery of letters rogatory among the signatory States." *Id.* at 640. The court continued, "This conclusion does not, however, guarantee the availability or efficacy of other methods of service, and we do not today decide which other methods of service-if any-would be supportable or efficacious under applicable domestic and international law." *Id.* at 644. Thus, on remand, the Fifth Circuit left to the district court the question of "whether the only other method of service of process attempted by the plaintiffs-service under the Texas Long-Arm Statute-comports with principles of comity, Fed.R.Civ.P. 4 (especially 4(f)), and any other applicable legal principles of domestic or international law." *Id.* at 647.

One of the reasons the *Kreimerman* court did not determine whether service under the state's long-arm statute violated principles of comity is because the defendants did not "introduce any evidence concerning the laws of Mexico or any precedents explaining how principles of comity might apply." *Id.* at 644. Unlike the defendants in *Kreimerman*, Equipamentos offers evidence of Brazilian law in the form of the affidavit of Brazilian lawyer, Luiz Eduardo Arena Alvarez.[3]

Mr. Arena Alvarez explains that Brazilian law mandates that foreign legal pleadings be served upon corporate citizens of Brazil by means of letters rogatory issued to the Ministry of

---

[3] Defs.'s Ex. A ("Arena Alvarez Aff.) "Under Rule 44.1 [of the Federal Rules of Civil Procedure] expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is determined." *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.*, 978 F.Supp. 266, 275 (S.D. Tex. 1997). Although Mr. Arena Alvarez's affidavit is unsworn, Rule 44.1 makes clear that such testimony need not be admissible under the Federal Rules of Evidence for the purposes of determining foreign law.

Foreign Relations.[4] According to Mr. Arena Alvarez, Brazilian law expressly holds that "[s]ervice of process of legal pleadings/documents instituted by a foreign citizen in a foreign court of law that has been conducted upon a corporate citizen of Brazil by means of Federal Express is null, void and without effect."[5]

Moreover, as the Fifth Circuit warned:

> Plaintiffs who elect not to avail themselves of the Convention machinery assume the risk that other legal principles, like the principle of international comity, might hinder their establishment of jurisdiction over the defendants. Finally, such plaintiffs may also discover that their failure to employ the Convention's safe harbor procedures makes enforcement of their judgments abroad more difficult or even impossible.

*Kreimerman*, 22 F.3d at 643-44 (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706, 108 S.Ct. 2104, 2111 (1988)).

Accordingly, in the interest of international comity, the attempted service on the defendant will be quashed. Lake Charles Cane will be given an additional 30 days to effect service of process on Equipamentos by letters rogatory. Equipamentos motion to dismiss will be denied.

Lake Charles, Louisiana, this _8_ day of June, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Arena Alvarez Aff. ¶ 3(a).

[5] *Id.* ¶ 3(b).