RECEIVED
IN LAKE CHARLES, LA.
AUG 1 4 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAKE CHARLES CANE LACASSINE MILL** | : | **DOCKET NO. 2:07-cv-667** |
| | | |
| **VS.** | : | **JUDGE MINALDI** |
| | | |
| **SMAR INTERNATIONAL CORP.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Presently before the court is a Motion to Dismiss filed by SMAR International Corporation (SMAR). Doc. 59. For the reasons assigned in this Order, SMAR's Motion is DENIED.

### Background

On June 11, 2009, SMAR International Corp. filed a Motion to Dismiss [doc. 59] the instant suit as a sanction for failure to comply with a discovery order. Specifically, SMAR alleged that Lake Charles Cane Lacassine Mill, LLC (Lake Charles Cane) failed to answer discovery in accordance with a March 16, 2009 order of this court. That order [doc. 55] granted a Motion to Compel [doc. 46] filed by SMAR on January 15, 2009. The court ordered Lake Charles Cane to "logically, systematically, and specifically answer" Interrogatories 1, 2, and 3. Doc. 55. Additionally, with respect to Document Requests 2, 5, 7, and 12, Lake Charles Cane was ordered to amend its responses to designate what documents responded to each request and

1

to state affirmatively whether those documents are the only documents in their possession that are responsive to those requests. *Id.*

Lake Charles Cane responded to defendant's Motion to Dismiss on June 25, 2009. Doc. 61. Plaintiff argued that it has been working steadily on this case and that it prepared discovery responses soon after this court's order. Due to an "administrative glitch," however, the responses were never sent to SMAR. Lake Charles Cane provided the supplemental responses with its Response. Lake Charles Cane also noted that no time limit for responding was entered by the court and that it worked diligently to provide all the information in its possession. Finally, Lake Charles Cane argued that SMAR should have initiated a Rule 37 conference prior to filing its Motion. Lake Charles Cane argued that the conference was required prior to filing motions related to discovery, including SMAR's Motion to Dismiss.

Apparently, upon receipt of Lake Charles Cane's discovery responses, SMAR reviewed the responses, but found them wanting. The parties met in what SMAR characterizes as a Rule 37 conference. SMAR then filed a Reply. Doc. 64. SMAR argues that, although it received the discovery responses as alleged in Lake Charles Cane's Response, continued deficiencies justify dismissal of the case at this stage. SMAR notes that the instant motion is its third related to discovery and that this court granted both its Motion to Compel [doc. 35] filed on June 23, 2008 (granted on July 22, 2008 [doc. 42]) and its Motion to Compel [doc. 46] filed on January 15, 2009 (discussed above). Admitting that no time was set within which to respond, SMAR argues that Lake Charles Cane had a reasonable time to respond, but did nothing to comply with the court's order between March 16 and June 11.

SMAR also notes that, with regard to two parts of the court's order, Lake Charles Cane has done nothing to comply. Specifically, with regard to Interrogatory 3, Lake Charles Cane

2

noted it would produce the document shortly. With regard to Document Request 12, however, Lake Charles Cane refused to submit documents, believing that the court had not ordered it to do so. SMAR notes, however, that although the court failed to include this document request in its original order granting the motion to compel [doc. 54], the court amended the minutes granting the motion to include Document Request 12 [doc. 55].

Lake Charles Cane argues that it has answered SMAR's other discovery requests to the best of capabilities. Its delay in responding was neither willful nor malicious. Additionally, Lake Charles Cane argues that is has taken continuous action in this case.

The matter came before the court for a hearing on July 30, 2009.

### Analysis

Discovery sanctions are reviewed for an abuse of discretion. *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). A district court's discretion to enter a discovery sanction is limited by two standards. "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107, 72 L. Ed. 2d 492 (1982); *see Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 413-14 (5th Cir. 2004). When a district court is asked to award a default judgment, as in the instant case, two further criteria must be met. "First, the penalized party's discovery violation must be willful. Also, the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect." *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted).

Through the filings and the hearing had on this matter, it is apparent to the court that defendant SMAR has not stated grounds for dismissal of the claims against it. Discovery in this

3

matter has been exceedingly complex. It is established that Lake Charles Cane has taken the claims it now pursues on assignment from Louisiana Finance Authority (LAFA). Lake Charles Cane has maintained that LAFA may have some or all of the information that defendant seeks in answer to its discovery. However, Lake Charles Cane's contract with LAFA requires it to cooperate with plaintiff in obtaining documentation and information about the facility. On more than one occasion, this court advised counsel for plaintiff that failure of LAFA to cooperate would not be a valid excuse for continued failure to respond to discovery if plaintiff takes no action under its contract to extract cooperation.

On the other hand, defendant's continued filings regarding compulsion of discovery make it apparent to the court that defendant is trying to take advantage of Lake Charles Cane's compromised position by seeking premature dismissal of claims or entry of admissions. Dismissal of claims, entry of admissions related to failure to respond, or any other discovery sanction beyond attorney's fees to the filer is premature at this stage of the proceedings.

The foregoing noted, the court finds that some action must be taken to cause plaintiff to take appropriate action with regard to defendant's discovery requests.

## Conclusion

Accordingly, defendant's Motion to Dismiss [doc. 59] is DENIED.

It is ORDERED, however, that plaintiff may supplement or amend responses to discovery up until September 30, 2009. After September 30, 2009, any attempt by plaintiff to supplement or amend its responses will, upon request of SMAR, be closely scrutinized by the court to determine whether Lake Charles Cane could or should have made such responses available before that time. The court will particularly scrutinize whether plaintiff's inability to respond previously was in any way related to plaintiff's continued resistance to force LAFA to

cooperate. If the court finds that Lake Charles Cane could have provided or should have been able to provide the responses at an earlier time, Lake Charles Cane may be prohibited from supporting or opposing designated claims or defenses or from introducing designated matters in evidence as provided in Fed. R. Civ. P. 37(b)(2)(A).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of August, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE