UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAKE CHARLES CANE** | **:** | **DOCKET NO. 07-667 (Lead)** |
| **LACASSINE MILL, INC.** | | |
| | | |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| | | |
| **SMAR INTERNATIONAL** | | |
| **CORPORATION, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**Consolidated With**

| | | |
|---|---|---|
| **SMAR INTERNATIONAL** | **:** | **DOCKET NO. 09-492 (Member)** |
| **CORP.** | | |
| | | |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| | | |
| **LOUISIANA AGRICULTURAL** | | |
| **FINANCE AUTHORITY, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM RULING**</u>

Before the court is a Motion to Consolidate case number 07-667 with 09-492. For reasons set forth below, the court finds that this motion should be GRANTED.

*Procedural History*

The original proceeding (the "first suit") between Lake Charles Cane Lacassine Mill, Inc. (hereafter 'LCC') and Smar International Corporation, et al, (hereafter "Smar") bearing docket number 07-667 of this court, was brought to this court on April 12, 2007, by removal from the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. The

-1-

basis of the claim is the alleged defective nature of a syrup plant that LCC purchased from Louisiana Department of Agriculture and Forestry (hereafter "LAFA"). Smar participated in the construction of that facility. LCC alleges in its petition that, through the contract of acquisition of plant, it acquired all claims LAFA might have against others regarding the design, construction, or manufacture of the plant which would include Smar. LCC further alleges that Smar did not perform its services appropriately and, as a result, Smar is indebted to LCC for certain damages under the legal theories of redhibition, breach of contract, breach of warranty, and negligence. LCC seeks damages in excess of $6,000,000 and trial by jury.

On March 27, 2009, Smar filed a separate suit (the "second suit") in this court against LCC and LAFA, docket number 09-492. In the second suit Smar claims it is owed money for services performed in construction of the same syrup plant that is the subject of the first suit, for which services Smar allegedly was not paid. Both defendants filed general denials and raised affirmative defenses. No party sought a jury trial in the second suit.

On September 30, 2009, LCC filed a Motion to Consolidate the two suits but filed that motion only in the first suit and not in the second. Doc. 83. There is no indication from the record that LAFA received notice of that motion.[1] Not realizing LAFA had not

---

[1] On September 24, 2009, there was a scheduling conference in the second suit. Doc. 15. In that conference, counsel for LCC indicated he intended to file a Motion to Consolidate the two suits; however, nothing in that second suit indicates that consolidate was raised in that suit or that LAFA received notice of the actual filing of the motion in the first suit.

been noticed with the motion and seeing that no opposition to the motion had been filed, the undersigned granted the Motion to Consolidate.  Doc. 85.

LAFA responded to the court's order by filing a Motion for Reconsideration (Doc. 88) which was granted.  Docs. 91, 92.  LAFA was ordered to file its opposition to the Motion to Consolidate for consideration by the undersigned.

After having now reviewed the Motion to Consolidate (Doc. 83), LAFA's opposition to the consolidation (Doc. 94), and Smar's memorandum in support of consolidation (Doc. 95), the court has determined that the Motion to Consolidate should be GRANTED.

Rule 42 of the Federal Rules of Civil Procedure governs consolidation of actions for trial and provides that a court may consolidate when actions involve a common question of law or fact.  Once a court has identified a common question of law or fact, it must consider the following factors to determine whether consolidation would be appropriate:

> (1) Interests of justice, i.e. whether "specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990);
> (2) Expeditious results, i.e. significant savings of time or avoidance of supplication of effort;
> (3) Conservation of resources; and
> (4) Avoiding inconsistent results.

8 *Moore's Federal Practice,* § 43.10[4].  Factors to be considered that may militate against consolidation would include:

    (1)    Juror confusion;
    (2)    Delay;
    (3)    Administrative difficulties, i.e. numerous parties with various issues against various defendants requiring participating by litigants in discovery or other proceedings irrelevant to their claims (see *In re: Repetitive Stress Injury Litigation*, 11 F.3d 368, 371 (2d Cir. 1993);
    (4)    Prejudice to a party, i.e.
          a. Substantially different claims affecting a minority of litigants;
          b. Disclosure of prejudicial information to the jury, i.e. existence of other lawsuits, extent of insurance coverage.

8 *Moore's Federal Practice,* § 43.10[5].

      We find that application of the foregoing consideration supports a conclusion that consolidation would be in order.  Although LAFA is not a defendant in the first suit, both parties to the second suit are involved in the first and arguably LAFA should have been made party to the first suit regardless of the existence of the claim of Smar for non-payment.[2]  There is one overriding factual issue that is crucial to recovery in both claims, that being whether or not Smar's services were provided properly and in a workman like manner.  There is no question but that judicial resources would be conserved by consolidation since there will be but one trial rather than two.  There is no risk of juror

---

[2] At a status conference held in the first suit on July 22, 2008, the court considered and granted a Motion to Compel that filed by Smar against LCC.  Counsel for LCC indicated he was having difficulty responding to discovery as many of the documents or other information sought through discovery was in the control of LAFA.  Counsel for defendant made it clear that the contract between LCC and LAFA required LAFA to cooperate with LCC in obtaining documentation and information about the facility.  Any refusal on LAFA's part to cooperate would be a violation of their contract. This assertion is supported by the contract which later was attached to Smar's memorandum in support of consolidation.  See ¶ 4.2 of Exhibit "A," Doc. 94, p. 8.

confusion as the jury will be considering only the claim between LCC and Smar as the second suit will be tried, albeit simultaneously, by the trial judge. There will be no delay as currently there is no trial date for either.[3] Admittedly consolidation would require some additional expense to LAFA as it may be required to participate in some discovery or other exercises that may be irrelevant to the claim against it but we find this one factor does not outweigh the remaining factors that support consolidation.

LAFA directs the court's attention to *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560 (D.N.M. 1994), as support for its claim that there should be consolidation. *The Servants of the Paraclete* was a declaratory action brought by plaintiff, a facility for pedophilic priests, against numerous insurers for defense and indemnity of multiple claims by alleged victims of a particular priest. Plaintiff in *The Servants of the Paraclete* was made defendant in two other declaratory actions where purported insurers of The Servants of the Paracelete, Inc., sought absolution from indemnity or defense of claims made involving alleged victims of two other priests.

The court in *The Servants of the Paraclete* determined that three cases sought to be consolidated did have common questions of law or fact but nevertheless determined consolidation inappropriate. Firstly it found that there would be no significant conservation of the court's resources as the actions involved several separate factual issues, parties, and legal questions. Secondly the court found the consolidation of the two

---

[3] In a telephone conference discussing this motion and selecting a new trial date, it was stated without objection from any other party that the only deposition taken to date has been that of LAFA. Numerous documents have been produced but it appears to the court that a great number of those documents came from LAFA.

new suits would significantly delay trial of the first as the cases were at different stages of preparedness for trial. Thirdly the court concluded that jury confusion and prejudice might occur as the first case was to be tried to the court and the two sought to be consolidated were jury trials. The court suggested that the jury would hear testimony irrelevant to the two cases under its consideration and that steps taken by the court to minimize that danger would consume judicial resources.

As noted above, these two actions involve the same litigants, the first distinguishing factor. The question central to both causes of action is the same: Did Smar perform in a workmanlike manner and did it adequately perform under its contract? While there may be additional facts or theories of recovery in the first action which will be tried by the jury, there is little to be tried in the second suit that could cause confusion for the jury and we foresee no waste of judicial resources in the effort to screen irrelevant information from the jury's consideration.[4]

LAFA argues in opposition to consolidation that it would be prejudiced in that "the Court would be required to hear and rule on motions [in the first suit] involving issues arguably irrelevant and separate and distinct from the contract/invoice dispute, which could adversely affect the court's decision in the second suit." It is difficult for the undersigned to imagine a situation where the trial judge's ruling on a motion irrelevant to

---

[4] The only evidence that might apply to the second suit but not the first would be the actual invoices for services alleged to have been performed by Smar for which they were not compensated. That evidence could easily be admitted outside of the presence of the jury.

the second suit would "adversely affect" her conclusion on the second suit and therefore finds to merit to this argument.

LAFA next argues that its involvement in the first suit could force it to defend itself against claims by both LCC and Smar regarding issues irrelevant to the second suit. Again it is difficult to imagine how LAFA would be prejudiced by this fact since the second suit is being considered by the trial judge who is very able to discern which issues are to be considered by her in the second suit and which are not.[5]

In short, LAFA's opposition contains no concrete hypothetical situations to buttress its claims of potential prejudice that would cause this court to find consolidation imprudent.

For the foregoing reasons, we conclude that the Motion to Consolidate (Doc. 83) should be GRANTED.

THUS DONE AND SIGNED in Chambers in Lake Charles, Louisiana, this 1st day of February, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[5] It is doubtful that either LCC or Smar would allow the LAFA chair to remain empty if the defense of either of them is some inappropriate action or inaction of LAFA.